IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FARRUH PULATOV, | : | |
| Petitioner, | : | 1:18-cv-0934 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| CRAIG A. LOWE, WARDEN OF | : | |
| PIKE COUNTY CORRECTIONAL | : | |
| FACILITY, | : | |
| Respondent. | : | |

**MEMORANDUM**

**June 27, 2019**

Presently before the Court is a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241, filed by Petitioner Farruh Pulatov ("Petitioner"). (Doc. 1).

Petitioner challenges the constitutionality of his prolonged detention by the United

States Department of Homeland Security, Immigration and Customs Enforcement

("ICE"). (*Id.*). Respondent contends that Petitioner is an "arriving alien" as defined

by 8 U.S.C. § 1101(a)(13), who is lawfully detained under 8 U.S.C. § 1225(b) and

is not entitled to release or a bond hearing. (Doc. 6).  For the reasons set forth

below, the Court will grant, in part, Petitioner's writ of habeas corpus.

I. **BACKGROUND**

Petitioner is a citizen and national of Uzbekistan who, on October 24, 2017,

applied for admission into the United States at the San Ysidro Port of Entry with

his wife and four minor children.  (Doc. 6-1, pp. 3-5). Because he was an arriving

alien with no valid immigration or proper entry documents, immigration officials found him to be inadmissible pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") and detained him. (*Id.* at 7)

Following a credible fear interview, the asylum officer determined that he had a credible fear of return to Uzbekistan and issued a Notice to Appear. (*Id.* at 4, 7). Petitioner applied for asylum; ICE scheduled a hearing for May 15, 2018. (*Id.* at 7, 9). In advance of the hearing date, Petitioner's counsel sought an emergency motion for continuance to afford time to obtain an expert. (*Id.* at 9-13). The Immigration Judge ("IJ") denied counsel's motion because "Respondent is detained, 6 months on docket." (*Id.* at 26). Counsel submitted a second motion to continue the hearing date based on a scheduling conflict. (*Id.* at 27-31). The IJ denied the motion on May 2, 2018. (*Id.* at 42). The hearing proceeded on May 15, 2018, as scheduled. The IJ reserved issuing a decision pending Petitioner's counsel's submission of an amended expert report.

Attached to a recent Notice to the Court filed by Petitioner is a December 4, 2018 decision of the BIA which indicates that, on June 15, 2018, the IJ denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture. (Doc. 9, p. 6). Petitioner appealed the IJ's decision. On December 4, 2018, the BIA sustained the appeal and remanded the case to the IJ for further proceedings and the entry of a new decision. (*Id.*).

According to Petitioner's Notice, the IJ scheduled a new hearing for April 16, 2019. (Doc. 9). The record has not been supplemented since that Notice.

As of this date, Petitioner has been detained in ICE custody for approximately twenty months.

## II. DISCUSSION

8 U.S.C. §1225(b) governs the detention of "aliens arriving in the United States," and mandates the detention of "arriving aliens" who, like Petitioner, do not possess valid entry or travel documents when they arrive. *See Ahmed v. Lowe*, 2017 WL 2374078 (M.D. Pa. May 31, 2017) (finding that because petitioner was classified as an "arriving alien," his detention is controlled by §1225(b) ). Section 1225(b) provides that arriving aliens are inspected immediately upon arrival in the United States by an officer of the United States Customs and Border Protection. If the immigration officer determines that the alien is inadmissible because the alien cannot produce valid entry documents, *see* 8 U.S.C. §1182(a)(7), "the officer shall order the alien removed from the United States without further hearing or review." 8 C.F.R. §1235.3(b)(1)(I), (b)(2)(ii) (providing that arriving aliens subject to expedited removal are not entitled to a hearing or appeal of this decision).

If, however, the alien "indicates an intention to apply for asylum ... or a fear of persecution, [as is the case here,] the officer shall refer the alien for an interview by an asylum officer." 8 U.S.C. §1225(b)(1)(A)(ii); *see* 8 C.F.R. §235.3(b)(4) ("If

an alien subject to the expedited removal provisions indicates an intention to apply for asylum, or expresses a fear of persecution or torture, or a fear of return to his or her country, the inspecting officer shall not proceed further with removal of the alien until the alien has been referred for an interview by an asylum officer.").

If the asylum officer determines that the alien has a credible fear of persecution, the alien "shall be detained for further consideration of the application for asylum." 8 U.S.C. §1225(b)(1)(B)(ii). If the alien receives a positive credible fear determination, the alien will be placed in removal proceedings. 8 C.F.R. § 235.6(a)(1)(ii). The alien, however, remains detained pursuant to 8 U.S.C. § 1225(b) during the pendency of these proceedings. The only statute which permits an alien's release from §1225(b) custody is 8 U.S.C. §1182(d)(5)(A), pursuant to which an alien may be paroled into the United States if the Attorney General determines "on a case-by-case basis" that "urgent humanitarian reasons or significant public benefit" warrant the alien's release. 8 U.S.C. §1182(d)(5)(A). Decisions under §1182 are purely discretionary and the regulations prevent an immigration judge from "redetermin[ing] conditions of custody" with respect to certain classes of aliens, including "[a]rriving aliens in removal proceedings, including aliens paroled after arrival pursuant to section 212(d)(5) of the Act." 8 C.F.R. §1003.19(h)(2)(i)(B).

Upon presentation for admission to the United States at the port of entry,

Petitioner was immediately detained and classified as an "arriving alien." *See* 8

C.F.R. §1001.1(q) ("The term arriving alien means an applicant for admission

coming or attempting to come into the United States at a port-of-entry."). Because

he was never admitted into the United States, he is an inadmissible arriving alien

and his detention is controlled by 8 U.S.C. § 1225(b). There is no statutory

entitlement to periodic bond hearings under §1225(b).  In *Jennings v. Rodriguez*, –

— U.S. ——, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018) the Supreme Court reversed

the Ninth Circuit's holding that non-citizens detained under §§ 1225(b)(1), (b)(2),

and 1226(c) are entitled to bond hearings every six months. *Id.* at 842. The Court

reasoned as follows:

> §1225(b) applies primarily to aliens seeking entry into the United States
> ("applicants for admission" in the language of the statute). Section
> 1225(b) divides these applicants into two categories. First, certain
> aliens claiming a credible fear of persecution under §1225(b)(1) "shall
> be detained for further consideration of the application for asylum." §
> 1225(b)(1)(B)(ii). Second, aliens falling within the scope of §
> 1225(b)(2) "shall be detained for a [removal] proceeding." §
> 1225(b)(2)(A).
>
> Read most naturally, §§1225(b)(1) and (b)(2) thus mandate detention
> of applicants for admission until certain proceedings have concluded.
> Section 1225(b)(1) aliens are detained for "further consideration of the
> application for asylum," and §1225(b)(2) aliens are in turn detained for
> "[removal] proceeding[s]." Once those proceedings end, detention
> under §1225(b) must end as well. Until that point, however, nothing in
> the statutory text imposes any limit on the length of detention. And
> neither §1225(b)(1) nor §1225(b)(2) says anything whatsoever about
> bond hearings.

*Id.* at 842. Accordingly, the *Jennings* Court concluded that both §§ 1225(b)(1) and (b)(2) "mandate detention until a certain point and authorize release prior to that point only under limited circumstances. As a result, neither provision can reasonably be read to limit detention to six months." *Id.* at 844.

Following the BIA remand, and the April 2019 hearing, Petitioner's case is either still before the IJ or, if unsuccessful at the hearing level, again in administrative appeal proceedings. He is therefore subject to mandatory detention. *See Jennings*, 138 S.Ct. at 844 ("Section 1225(b)(1) mandates detention 'for further consideration of the application for asylum,' §1225(b)(1)(B)(ii), and §1225(b)(2) requires detention 'for a [removal] proceeding,' §1225(b)(2)(A). The plain meaning of those phrases is that detention must continue until immigration officers have finished 'consider[ing]' the application for asylum, §1225(b)(1)(B)(ii), or until removal proceedings have concluded, §1225(b)(2)(A)."). Thus, based upon the Supreme Court's holding in *Jennings*, we are compelled to conclude that Petitioner's detention under 8 U.S.C. §1225(b) does not statutorily entitle him to a bond hearing pending his asylum proceedings. *See id.* at 842.

However, post *Jennings*, several district courts have considered the issue of arriving aliens detained for unreasonably prolonged periods of time under Section 1225(b) in the due process context. *See, e.g., Destine v. Doll*, No. 3:17-cv-1340,

2018 WL 3584695 (M.D. Pa. July 26, 2018) (finding that arriving aliens have Due

Process rights and that a twenty-one month period of detention pursuant to §

1225(b) was unreasonable, and ordering an individualized bond hearing); *Fatule-

Roque v. Lowe*, No. 3:17-cv-1981, 2018 WL 3584696, at *6 (M.D. Pa. July 26,

2018) (determining that § 1225(b) detainees enjoy basic due process rights, but

concluding that petitioner's detention was not so unduly prolonged that it rendered

§ 1225(b) unconstitutional as applied to him); *Lett v. Decker*, 346 F.Supp.3d 379

(S.D.N.Y. Oct. 10, 2018) (concluding that arriving aliens have Due Process rights

and that a nearly ten month period of detention pursuant to §1225(b) was

unreasonable, and ordering an individualized bond hearing); *Perez v. Decker*, No.

118-cv-5279 (VEC), 2018 WL 3991497 (S.D.NY. Aug. 20, 2018) (finding that

arriving aliens have Due Process rights and that a nearly one year period of

detention pursuant to § 1225(b) was unreasonable, and ordering an individualized

bond hearing). The Court agrees with the weight of authority finding that arriving

aliens, like Petitioner, detained pre-removal pursuant to § 1225(b) have a due

process right to an individualized bond consideration once it is determined that the

duration of their detention has become unreasonable. *Singh v. Sabol*, No. 1:16-cv-

2246, 2017 WL 1541847 (M.D. Pa. Apr. 28, 2017); *see also Otis V. v. Green*, No.

18-742 (JLL), 2018 WL 3302997 at *6-8 (D.N.J. July 5, 2018). Because we

conclude that Petitioner's twenty month period of prolonged detention without a

bond hearing has become unreasonable, we will require an individualized bond hearing.

## III.  **CONCLUSION**

For the foregoing reasons, the Court will grant in part the petition for writ of habeas corpus insofar as it seeks an individualized bond hearing before an immigration judge.

An appropriate Order will issue.